IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCUS RAYMOND BRESLER, 1169336,** | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-2046-B |
| v. | § | |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges nine convictions for burglary of a habitation from the 40th Judicial District Court, Ellis County, Texas, in cause numbers 26999CR, 27000CR, 27001CR, 27002CR, 27003CR, 27004CR, 27005CR, 27006CR and 27007CR. On June 6, 2003, the court assessed punishment at eight years imprisonment in each cause number, to run concurrently. Petitioner did not appeal and did not file a petition for discretionary review.

On June 9, 2004, Petitioner filed nine state applications for writ of habeas corpus challenging each of his convictions. *Ex parte Bresler*, Application Nos. 59,669-01, -02, -03, -04, -05, -06, -07, -08, -09. On August 31, 2004, the Court of Criminal Appeals denied the applications without written order. *Id*.

On September 9, 2004, Petitioner filed this federal petition. He argues: (1) he received

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**                Page -1-

ineffective assistance of counsel; and (2) the trial court did not have jurisdiction over his cases because the judge and district attorney failed to take their oaths of office.

## II. Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

case is subject to review under the AEDPA.

**2.    Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because his counsel did not make an independent investigation into his case and failed to sufficiently meet with him.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

To establish that counsel was ineffective for a failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208,

1221 (5th Cir. 1994).

In this case, Petitioner has not stated what type of further investigation should have been conducted, or what a further investigation would have revealed. He states only that his counsel "did not do an independent investigation into my case." (Pet. at 7). He also states, "in all reality I met trial counsel 'at trial.'" (Pet. at 7). Petitioner's conclusory allegations are insufficient. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner's claims should be denied.

**3.     Oath of Office**

Petitioner argues the trial court lacked jurisdiction over his case because the judge and district attorney failed to take their oaths of office. Petitioner has submitted no evidence that the judge or district attorney failed to take their oath of office. Additionally, claims based on an alleged failure to take the oaths of office required by Texas state law do not raise a federal constitutional claim. *See, Dean v. Dretke*, No. 03-10775, slip op. at 2 (5th Cir. Feb. 2, 2004) (finding claim that trial judge was not qualified because he failed to take the oath of office "is not cognizable in this federal habeas proceeding because it alleges no violation of the United States Constitution or federal law); *Ramos v. Dretke*, 4:04-CV-459A, 2005 WL 39144 (N.D. Tex. June 6, 2005) (recommendation adopted June 31, 2005) (same). Petitioner's claims should be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 2nd day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).